UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


LAMAR OCI NORTH CORPORATION,

    Plaintiff,

v.

CITY OF WALKER,

    Defendant.
_____/

File No.  1:10-CV-1180

HON. ROBERT HOLMES BELL

**O P I N I O N**

In this action, Plaintiff Lamar OCI North Corporation challenges the City of Walker's failure to grant its applications for digital or electronic billboards. This matter is before the Court on Defendant City of Walker's motion to dismiss or for summary judgment. (Dkt. No. 21.) For the reasons that follow, the motion will be granted in part and taken under advisement in part.

I.

Plaintiff Lamar owns two billboards in the City of Walker along Interstate 96. On August 18, 2010, Lamar applied to the City for permits to replace the static faces of its billboards with an electronic or digital display. (Compl. ¶ 7.) These were the first applications the City had ever received for a digital billboard conversion. (Wash Dep. 44-45.) On September 9, 2010, the City's Planning Director, Frank Wash, sent an e-mail to Lamar advising that:

> If not listed as "permitted" in the zoning ordinance, uses are not allowed. Digital billboards are not currently listed as permitted uses in the Walker sign ordinance.
> In addition, the standards of Section 94-406 do not allow digital billboards.

(Compl. Ex. C.)

The City's sign ordinance provides that all signs shall comply with certain requirements, including the following:

> (4) Subject to subsection (8) below, **signs and billboards** shall be **internally or externally illuminated** . . . .
>
> (8) There shall be no flashing, blinking, scrolling or intermittent illumination on any sign provided however, that **electronic reader boards** are permitted, so long as no part of the display shall scroll, move or change more often than once every 30 seconds. Any background graphic or display is included in this restriction.

(Ord. 94-406(d)(4), (8) (emphasis added).) Within the sign ordinance is a separate section devoted to billboards. This section provides in pertinent part:

> Notwithstanding any other provision of this article to the contrary, billboards are only permitted within 100 feet of a freeway on property in IPUD, ML, MH, or MP zoning districts, subject to the following regulations: . . .
>
> (10) **The light rays of an illuminated billboard shall be cast directly upon the billboard** and shall not be visible to motorists on the freeway except as reflected from the billboard.

(Ord. 94-413 (emphasis added).)

On September 23, 2011, Planning Director Wash sent a memo to the City Commissioners and managers recommending passage of an emergency moratorium on digital billboards for the following reasons:

2

>    1)   Lamar has applied for building permits to change two existing billboards into digital billboards. These applications are incomplete and have been returned to Lamar, with notation that, per the Walker Zoning Ordinance, digital billboards are not allowed.
>
>    2)   The current Walker Sign Ordinance, in Section 94-406 and Section 94-413, requires clarification that standards for "electronic reader boards" are intended only for onsite signs as an accessory part of permanent signage, not for digital billboards. . . .
>
>    3)   There has been talk of a State of Michigan legislative action to initiate a statewide moratorium on digital billboards. Prediction of such action will likely trigger several requests to convert some of the 31 existing billboards in Walker to digital billboards.

(Compl. Ex. F (emphasis added.)

On September 27, 2010, the City adopted Ordinance No. 10-590, approving a six-month moratorium on electronic billboards. (Compl. ¶ 16, Ex. E.) The Moratorium provides in pertinent part:

>    No building permit or other permit shall be issued or approved for the construction, placement, installation, substitution, or an operation of any Electronic or Digital Billboard or similar type of signage in the City (whether any such request is pending or is requested hereafter).

(Compl. Ex. G.) The Moratorium describes its intent and purpose as follows:

>    The City is in the process of reviewing regulations relative to the installation and operation of electronic or digital billboards. Unless reasonably regulated, such electronic and digital billboards can create potential nuisances for a community, including, but not limited to, visual blight, aesthetic concerns, safety issues, and distractions for drivers of vehicles.
>
>    The City Commission anticipates that the City will complete its multiple reviews of such billboards and make a recommendation regarding their regulation after the Federal Highway Administration releases its Changeable Electronic Variable Message Signs (CEVMS) research report that is currently

>  in progress. . . .
>
>  Prior to that process being completed, the City Commission finds that this temporary moratorium is necessary for and will promote the public health, safety, and welfare of City residents.

(Compl. Ex. E.)

On September 29, 2010, the City notified Lamar that it was not taking any action on Lamar's applications because they were incomplete (they lacked sealed structural plans and elevations) and because digital billboards are not allowed under the current Ordinance. (Compl. Ex. G.) Lamar had not been previously advised that its applications were incomplete.

On March 28, 2011, Lamar re-filed its applications for digital billboard permits together with sealed engineering plans. (Def.'s Reply, Exs. 5, 6.) On April 1, 2011, the City extended the initial six-month moratorium for an additional six months. (Def. Ex. 2.) The reason given for the extension was that the Federal Highway Administration had not yet completed its CEVMS research report. (Def. Ex. 2.) "Once the CEVMS research report is issued, the City Commission will . . . conduct its analysis, including a review of relevant data regarding such billboards and their impacts." (*Id.*).

Lamar filed a three-count action for declaratory and injunctive relief and damages in the Kent County Circuit Court, asserting that the City's denial of permits, its failure to approve its applications in a timely manner, and its enactment of the moratorium violated Lamar's First and Fourteenth Amendment right to free speech and due process. The City

4

removed the action to federal court on the basis of federal question jurisdiction, and then filed the current motion to dismiss or for summary judgment on all three counts of Lamar's complaint for failure to state a claim on which relief may be granted.

Lamar has stipulated to the entry of summary judgment on Count II of its complaint[1] (Pl.'s Resp. at 3, n.2), but requests the Court to deny the City's motion to dismiss Counts I and III. Lamar further requests that the Court grant summary judgment in its favor on Count I, both as to the interpretation of the Ordinance and prior restraint.

At the motion hearing on July 20, 2011, counsel for the City advised that the City will not be extending the moratorium beyond its scheduled expiration date at the end of September, 2011.

## II.

Under Rule 56(a) of the Federal Rules of Civil Procedure, summary judgment is proper if there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law. In evaluating a motion for summary judgment the Court must look beyond the pleadings and assess the proof to determine whether there is a genuine need for trial. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). If the moving party carries its burden of showing there is an absence of evidence to support a claim then the nonmoving party must demonstrate by affidavits, depositions, answers to

---

[1] Lamar describes Count II as a facial challenge to the Ordinance as being a prior restraint. Lamar withdraws the facial challenge, but continues to argue that the Ordinance as applied is an un lawful prior restraint. (Pl. Resp. at 16, n.16.)

interrogatories, and admissions on file, that there is a genuine issue of material fact for trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 324-25 (1986). The mere existence of a scintilla of evidence in support of the nonmoving party's position is not sufficient to create a genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). The proper inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id.* at 251-52.

### III.

The City has moved for summary judgment in its favor on Lamar's First Amendment claim. In response to the City's motion, Lamar has requested summary judgment in its own favor pursuant to Fed. R. Civ. P. 56(f)(1).

Content-neutral prohibitions and restrictions on billboards are constitutional as long as they are impartially administered. *See Metromedia, Inc. v. City of San Diego*, 453 U.S. 490, 508 (1981) (noting that a municipality's interest in preserving aesthetics and traffic safety would be sufficient to justify an ordinance banning all off-site billboards); *Prime Media, Inc. v. City of Brentwood, Tenn.*, 398 F.3d 814, 819 (6th Cir. 2005) (upholding, against First Amendment challenge, a city's size and height restrictions on billboards because they were content-neutral and advanced legitimate governmental interests in aesthetics and traffic safety). To pass constitutional muster, a city's content-neutral "time, place and manner" restrictions on protected speech

> (1) must contain adequate standards to guide the official's decision, (2) must not be based on the content of the message, (3) must be narrowly tailored to serve a significant government interest, and (4) must leave open ample alternatives for communication.

*H.D.V.-Greektown, LLC v. City of Detroit*, 568 F.3d 609, 623 (6th Cir. 2009) (citing *Thomas v. Chicago Park Dist.*, 534 U.S. 316, 323 & n. 3 (2002)). "[A] regulation of the time, place, or manner of protected speech must be narrowly tailored to serve the government's legitimate, content-neutral interests but . . . need not be the least restrictive or least intrusive means of doing so." *Prime Media*, 398 F.3d at 819 (quoting *Ward v. Rock Against Racism*, 491 U.S. 781, 798 (1989)).

The City contends that its Ordinance prohibits all digital billboards, and that under *Metromedia*, *supra*, such a content-neutral prohibition does not violate the constitution.

Lamar contends that the City's Ordinance specifically allows digital billboards, and that the City's failure to act on Lamar's applications until it enacted a moratorium against digital billboards constitutes the exercise of unbridled discretion in violation of the First Amendment. *See Lamar Adver. Co. v. Twp. of Elmira*, 328 F. Supp.2d 725 (E.D. Mich. 2004) (holding that because the law in effect at the time the plaintiff filed its application did not preclude erection of a billboard at the requested location, "the Township deprived [the plaintiff] of its First Amendment rights . . . based on an improper interpretation of the zoning ordinance").

The Court declines to address whether digital billboards are allowed under the current Ordinance. The Court is satisfied that where, as here, the City is faced with an application

to apply its Ordinance to new technology, the City is constitutionally permitted to enact a moratorium for a reasonable period of time so that it may study and determine what effect the new technology might have on traffic safety, aesthetics, and other legitimate municipal concerns, and what regulations, if any, are necessary to address those concerns. However, Lamar also has a legitimate concern that a decision on its applications not be delayed for an unreasonably long period of time. In light of the City's representation, through counsel, that the moratorium will not be subject to further extensions after it expires at the end of September, the Court believes that the wisest course is to defer consideration of the cross-motions for summary judgment on Plaintiff's First Amendment claim until the end of September. The Court expresses no opinion at this time as to whether the City's one-year moratorium was constitutionally reasonable. However, at the close of the one-year moratorium, the parties can inform the Court as to whether there are still issues that require resolution. If there are, the Court will rule on the cross-motions for summary judgment, either on the basis of the Ordinance as it currently stands, or, if it has been amended, in light of the amended Ordinance, to the extent those amendments bear on the issues raised.

## IV.

In Count III of its complaint, Lamar asserts that the City, by refusing to take action either to approve or reject Lamar's permit applications, engaged in arbitrary and unreasonable action in violation of Lamar's right to due process.

The City contends that Lamar does not have a viable due process claim because it did

not obtain a vested and constitutionally protected property interest in any particular zoning provision. The City contends that no property rights vested because Lamar did not obtain a building permit or begin substantial construction prior to the adoption of the moratorium. *See Seguin v. City of Sterling Heights*, 968 F.2d 584, 591 (6th Cir. 1982) ("Michigan courts have continually reaffirmed that a building permit and some substantial construction must have commenced before property rights can vest.")

Lamar has not responded to the City's due process argument. Instead, Lamar contends that it is asserting an equal protection claim in Count III, and Lamar requests the Court to deny the City's motion as to Count III on the basis that there is a question of fact for trial on Lamar's equal protection claim.

Count III does not state an equal protection claim. Count III only purports to raise a due process argument, and Lamar has failed to show that there is an issue of fact regarding the alleged violation of its due process rights. The Court will accordingly grant the City's motion for summary judgment on Count III of Plaintiff's complaint. If Lamar intends to raise an equal protection claim, it will have to seek leave to amend its complaint to assert such a claim.

An order consistent with this opinion will be entered.


Dated: <u>July 21, 2011</u>                                   /s/ Robert Holmes Bell
                                                              ROBERT HOLMES BELL
                                                              UNITED STATES DISTRICT JUDGE